## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**DERRICK WOODS**                                                      **PLAINTIFF**

**VS.**                                                     **CAUSE NO. 3:20cv256-NBB-RP**

**CITY OF HOLLY SPRINGS MUNICIPAL
COURT JUDGE AMANDA WHALEY SMITH,
IN HER INDIVIDUAL AND OFFICIAL CAPACITY;
OFFICER RODERICK BROWN, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY; CITY OF HOLLY SPRINGS
MISSISSIPPI; JOHN AND JANE DOES 1-5**            **DEFENDANTS**

### COMPLAINT -JURY TRIAL REQUESTED

**COMES NOW**, PLAINTIFF DERRICK WOODS, by and through the undersigned counsel and files this complaint against the Holly Springs Municipal Court Judge Amanda Whaley Smith, in her individual and official capacity, Officer Roderick Brown, in his individual and official capacity, the City of Holly Springs Municipal Mississippi, and John and Joe Does 1-5 for the Defendants' intentional violation of the Plaintiff's Fourth (4th), Fifth (5th) Eighth (8th) and Fourteenth (14th) Amendment rights to free from abuse of power, wrongful arrest, excessive force, cruel and unusual punishment, made actionable pursuant to 42 U.S.C Section 1983, attorney's fees pursuant to 42 U.S.C. Section 1988, and also the common law right to be free from the city law enforcement evincing reckless disregard for the Plaintiff made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi Common law and would show unto the Honorable Court the following to wit:

1

## PARTIES

I.

Plaintiff DERRICK WOODS is an adult resident of Calumet City, Illinois, whose address is 659 Yates Avenue, Calumet City, Illinois.

II.

Defendant, AMANDA WHALEY SMITH ("Defendant Whaley Smith") is a Holly Springs Municipal Court Judge, and officer of the court who may be served in her individual and official capacity at her place of employment at 130 East College Street, Holly Springs, Mississippi or where she may be found.

III.

Defendant RODERICK BROWN ("Officer Brown") who is a former police officer with the City of Holly Springs and was employed as a police officer at all relevant times related to this complaint with the City of Holly Springs Mississippi and he may be served in his individual and official capacity where he may be found.

IV.

Defendant City of Holly Springs ("City") is a Municipal Corporation and may be served on the Mayor of the City of Holly Springs Kelvin Buck or the City Clerk Belinda Sims Hollowell, at 160 South Memphis Street, Holly Springs, MS.

V.

John and Jane Does 1-5 who may be served where they may be found

## JURISDICTION AND VENUE

VI.

This action is being brought pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiff's protected rights under the US Constitution particularly the 4th, 5th, 8th, and 14th Amendments and 42 U.S.C. Section 1983, and Section 1988. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. Section 1367. These pendent State Law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act, common law claims of negligence and intentional torts.

VII.

Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. Section 1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000 (One Hundred Thousand Dollars).

## STATEMENTS

VIII.

On or about September 12, 2019, arrived at the Cousins Shell Gas Station with the intent of purchasing diesel fuel for his vehicle. During his stop, Plaintiff encountered a vehicle driven by Defendant Whaley-Smith blocking the diesel fuel pump. Plaintiff briefly exited his vehicle to notify Defendant Whaley-Smith of is need to access this

3

specific pump. Defendant Whaley-Smith refused to move and instead used what Plaintiff described as derogatory words at him and became irate. Plaintiff immediately got back his vehicle and waited for Defendant Whaley-Smith to move her vehicle so he could access the pump. Irritated Defendant Whaley-Smith dialed 911 and falsely reported the Plaintiff accosted her and screamed at her. City of Holly Springs Police Officers arrived on the scene and found no disturbance. In fact, the Officers dispatched to the scene checked the interior and exterior of the store and even contacted dispatch to report they found no disturbance. Defendant Roderick Brown who seemed to appear on the scene without being dispatched, immediately approached Defendant Whaley Smith, whom he served on a regular basis in her capacity as the judge for the Holly Springs Municipal Court and with whom he appeared to have had a close or dependent relationship. Defendant Brown then alerts Officer Justin Holpe via his cellphone of the situation. Defendant Brown without probable cause demanded Plaintiff exit his vehicle, show his identification, and accused Plaintiff of multiple crimes. Although multiple officers arrived on the scene, only Defendant Brown determined Plaintiff had committed any infraction and Brown as the supervisor demanded Plaintiff's arrest and the towing of his vehicle.

Plaintiff who is disabled was harassed, racially profiled, humiliated, falsely accused, manhandled and arrested at the direction of Defendant Smith Whaley and Defendant Brown. Plaintiff Woods was subsequently wrongfully and illegally charged him with the (1) ..."willfully and unlawfully, with the intent to provoke a breach of peace refuse to comply with the request of Sgt. Roderick Brown a law enforcement officer who

4

had the authority to then and there arrest any person for a violation of the law, by continuing to use profanity in public and not provide identification when requested multiple times at Circle K 621 HWY 7S" and (2) "…willfully and unlawfully, resist in any other manner including running away his lawful arrest by Sgt. Roderick Brown, a local law enforcement officer".

As Woods was being placed in a police cruiser he was informed by one officer "…she's a judge". Plaintiff, who is disabled, suffered physical injuries, including bruises and emotional distress. Plaintiff's vehicle was unnecessarily towed simply as an additional abuse of power. And Plaintiff's spouse and family suffered losses.

Further, Plaintiff had to continue to fight for justice even to have his case heard by an impartial jurist. Defendant Whaley Smith and the Prosecutor made efforts to schedule the case in the municipal court where she presides even after she originally transferred the case to the Marshall County Justice Court at the request of the Defense Attorney. Eventually, the case was heard by a Special Judge and Prosecutor selected by Defendant Whaley Smith. Months later, after multiple continuances granted to the City, Plaintiff was finally granted a day for trial. Defendant Brown, who was stripped of his Mississippi Certification by the State of Mississippi failed to appear for the trial. The prosecutor and judge also questioned the other officers involved in the illegal arrest. Accordingly, the case was dismissed by the Special Judge who executed an Order Dismissing the charges on or about February 27, 2020.

IX.

Defendant Smith Whaley abused her power as an officer of the Court and Municipal Court Judge by utilizing her position and authority to cause Defendant to be wrongfully and illegally arrested and prosecuted and knowing and intentionally causing the Plaintiff to suffer and endure malicious prosecution. Further, in her individually capacity as a resident abused the use the of the Emergence Dispatch System to make false allegations against the Plaintiff resulting in his arrest and abuse. Resultingly, Defendant Amanda Whaley Smith was negligent in breaching her duty as an officer of the court and using her position to falsely accuse and to maliciously prosecute Plaintiff Woods.

X.

Defendant Brown is personally, individually and officially liable because as described in the facts above, abuse his power under the color of law, illegally and wrongfully arrest Plaintiff without Probable cause and in violation of the Constitution of the United States and the State of Mississippi. Defendant also did so without being legally certified and in act of malicious prosecution. Defendant Brown also violated Plaintiff's freedom of speech, right to liberty and due process.

XI.

Defendant City of Holly Springs may also be the employer of Jane/Joe Does and is liable to Plaintiff under the doctrine of respondent superior.

XII.

As a direct and proximate result of the above-described illegal actions of all the Defendants, Plaintiff Woods sustained physical injury, severe emotional trauma, and

financial expenses.

XIII.

Defendant City of Holly Springs is jointly liable for all the actions described herein because upon information and belief, it failed to take corrective action against Defendant Brown or Defendant Whaley Smith upon receiving complaints about their harassment and abuse of power of residents of Holly Springs. Additionally, because of Defendant City's training and supervision of officers against unconstitutional acts complained of in this Complaint, and Defendant City's failure to investigate complaints also against Defendant Whaley Smith. And also Defendant City's failure to do due diligence in hiring and conducting a background check for Defendant Brown. City is also liable for its failure to properly investigate and conduct background checks for all officers and protect the rights of its residents and/or visitors. Further, Defendant City's failure to properly train and advise officers regarding potential conflicts and use of power and the failure to instruct officers of the necessity of probable cause for an arrest, failure to train officers regarding the elements of a criminal offense, and training regarding freedom of speech.

The above described acts and omissions on behalf of the Defendants constituted negligence, gross negligence and recklessness toward the safety, life, liberty and security of Plaintiff. This acts are actionable under M.C.A. 11-46-9, and other Mississippi laws. Defendant City of Holly Springs was negligent in breaching its duty to the Plaintiff, and to provide proper training to Defendant Roderick Brown. The above-described acts and omissions of the City of Holly Springs and the individual defendants were the direct and

proximate causes of the injuries to the Plaintiff in this case. Thus, Defendants are also liable to Plaintiff under the Torts Claim Act and the doctrine of respondeat superior.

XIV.

## CAUSE OF ACTION

This cause of action is brought by Plaintiff against Defendants for malicious prosecution, false arrest, abuse of power, intentional infliction of emotional distress and recklessness and due process and First Amendment Violations and other Constitutional Violations. The City of Holly Springs Mississippi is also liable for all actions of its agents and employees for the abuse of power, constitutional violations, and the reckless disregard for the safety of the plaintiff exhibited by the individual defendants during their actions as described in paragraph IV. At the time of these actions the Plaintiff was an innocent person, not engaged in any criminal activity. Further Plaintiff incorporates any and all Causes of Action described and alleged throughout this Complaint.

XV.

Plaintiff herein would further show that the acts of the Defendants complained of herein were so grossly negligent, insensitive, reckless disregard, and uncaring as to amount to willful and wanton conduct for which punitive damages should lie.

XVI.

Further, Defendants actions violated the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages against Defendant Whaley Smith,

Defendant Brown and Defendant City of Holly Springs, Mississippi in an amount to be determined by a jury. Plaintiff's damages should include a reasonable amount for his mental pain and anxiety, and a substantial amount of punitive damages to deter such unlawful conduct in the future. Plaintiff also requests reasonable attorney's fees, costs and expenses under 42 U.S.C. Section 1988.

Respectfully Submitted, this the 11th day of September, 2020

DERRICK WOODS, PLAINTIFF

BY: _____

SHARON D. GIPSON (MSB 99430)
**Attorney for the Plaintiff**
P. O. Box 474
**Holly Springs, MS 38635**
**Telephone: 601-291-9691**
**Fax: 877-860-8036**

STATE OF MISSISSIPPI
COUNTY OF MARSHALL

**PERSONALLY,** came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named DERRICK WOODS, who after being first duly sworn, states under oath that the facts contained in the above foregoing COMPLAINT are true and correct as stated herein.

_____
DERRICK WOODS

GIVEN under my hand and official seal of office on this the 11 day of September, 2020.

_____
NOTARY

[Notary Seal: STATE OF MISSISSIPPI, SARAHA HOPE WILLARD, ID# 209290, NOTARY PUBLIC, Comm. Expires June 28, 2024, BENTON COUNTY]

My Commission Expires:

June 28, 2024